UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HEARNS,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent.
_____/

Civil Action No.
07-CV-13500

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT
and DENYING PETITION FOR A WRIT OF HABEAS CORPUS</u>**

Petitioner Larry Hearns, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was charged with three counts of first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520B1F. At a bench trial, petitioner was convicted of one count and acquitted of the others. He was sentenced to 30 to 60 years imprisonment. For the reasons stated below, the court shall deny the petition.

*Procedural History*

Following his sentencing, petitioner filed a direct appeal with the Michigan Court of Appeals, raising the following two claims:

    I.    The trial court's conviction of [petitioner] for only one of three charged counts of first-degree criminal sexual conduct are inconsistent verdicts which require reversal.

    II.    The incorrect scoring of offense variables 7, 10, and 11 in the sentence information report entitled [petitioner] to a re-sentencing.

The Michigan Court of Appeals affirmed petitioner's conviction and sentence. *See People v. Hearns*, No. 237508, 2002 WL 31934136 (Mich.Ct.App. Nov. 19, 2002). In a delayed application for leave to appeal, petitioner raised the same claims in the Michigan Supreme Court. That application was denied. *See People v. Hearns*, 468 Mich. 948 (2003).

Petitioner then filed a motion for relief from judgment pursuant to MCR 6.502, asserting the following claims: (1) the verdict was against the great weight of the evidence, (2) trial counsel was ineffective, (3) the jury waiver was not knowingly made, and (4) appellate counsel was ineffective. The trial court denied this motion. *See People v. Hearns*, No. 00-012692 (Wayne County Cir. Ct., May 7, 2004). Petitioner's application for leave to appeal the trial court's decision in the Michigan Court of Appeals was denied for failure to establish entitlement to relief. *See People v. Hearns*, No. 261627 (Mich.Ct.App. Oct. 14, 2005). Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Hearns*, 477 Mich. 1110 (2007).

The instant petition raises the following four claims:

I. The trial court's conviction of petitioner for only one of three charged counts of first-degree criminal sexual conduct are inconsistent verdicts which require reversal of petitioner Hearns' conviction.

II. The trial court clearly erred and abused its discretion in denying post-conviction relief where the verdict is against the great weight of the evidence.

III. Petitioner was deprived of effective assistance of trial counsel in violation of the Sixth Amendment where her representation deprived petitioner of a fair trial and an opportunity to present a complete and adequate defense to the charges against petitioner Hearns.

IV. Petitioner was deprived of effective assistance of appellate

2

> counsel in violation of the Sixth Amendment where appellate counsel's representation on direct appeal was deficient, depriving petitioner of due process, effective assistance of counsel, and the right to present an effective appeal in his only direct appeal as of right.

In addition, petitioner has filed a motion [docket entry 14] to supplement his petition to include a claim that his trial counsel was ineffective because she advised him to waive his right to a jury trial. As respondent has not responded to this motion, and the issue was raised in the state courts, the motion to supplement the petition to include this claim is granted.

*Legal Standards*

The Antiterrorism and Effective Death Penalty Act of 1996 governs this court's habeas corpus review of state court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary

to" mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.* Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *See id.* at 407-08. Relief is also available under this clause if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *See id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *See Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

*Analysis*

   *Claim I – Inconsistent Verdicts*

In his first habeas claim, petitioner alleges that the trial court's findings were illogical and inconsistent with the facts presented. The Michigan Court of Appeals, the last court to issue a reasoned opinion in this case, analyzed this claim as follows:

> Defendant asks us to vacate his conviction on the ground that the trial court rendered inconsistent verdicts. Defendant contends that his conviction of one count of first-degree criminal sexual conduct is inconsistent with the trial court's findings and with his acquittal of the other two counts of first-degree criminal sexual conduct. He argues that the court could not have, consistent with fact or logic, believed the victim's testimony as it pertained to one incident and not as it pertained to the other incidents. We disagree.
>
> We review de novo questions of law and questions of application of law to the facts. *People v. Barrera*, 451 Mich. 261, 269 n 7; 547 NW2d 280 (1996); *People v. Aldrich*, 246 Mich.App 101, 116; 631 NW2d 67 (2001). In doing so, we give due deference to the trial court in determining the weight of the evidence and the

> credibility of witnesses. *People v. Daniels*, 172 Mich.App 374, 378; 431 NW2d 846 (1988).
>
> A judge who sits without a jury in a criminal case must make specific findings of fact and state conclusions of law. *People v. Shields*, 200 Mich.App 554, 558; 504 NW2d 711 (1993). The verdict reached in a bench trial must be consistent with the trial court's findings of fact. *See People v. Smith*, 231 Mich.App 50, 53; 585 NW2d 755 (1998). Although juries "are not held to any rules of logic" and possess the "capacity for leniency," "[t]hese considerations change when a case is tried by a judge sitting without a jury." *People v. Vaughn*, 409 Mich. 463, 466; 295 NW2d 354 (1980). The courts do "not normally enjoy the freedom to be inconsistent or to compromise." *People v. Burgess*, 419 Mich. 305, 310-311; 353 NW2d 444 (1984). For verdicts to be inconsistent, the factual findings underlying the verdicts must be inconsistent. *Smith*, *supra* at 53.
>
> The verdicts are not inconsistent. The victim testified that defendant sexually assaulted her three times, twice forcing her to perform fellatio on him and once forcing her to engage in sexual intercourse. The court found that defendant repeatedly struck the victim in the head and then penetrated her vagina with his penis against her will. These findings support defendant's conviction of first-degree criminal sexual conduct based on sexual intercourse, M.C.L. § 750.520b(1)(F), and are not inconsistent with defendant's acquittal of the other charges. The trial court could logically and consistently find that the victim's testimony was sufficient to establish that defendant engaged in sexual intercourse with complainant, and at the same time find that the alleged acts of oral penetration were not established beyond a reasonable doubt. The factfinder, whether the judge or the jury, "may choose to believe or disbelieve any witness or any evidence presented in reaching a verdict." *People v. Cummings*, 139 Mich.App 286, 294; 362 NW2d 252 (1984). Under these circumstances, in the absence of any factual inconsistency, we will not reverse defendant's conviction of an offense of which he was clearly found guilty beyond a reasonable doubt. *Smith*, *supra* at 53.

*Hearns*, No. 237508, 2002 WL 31934136, at *1.

Inconsistency in a verdict is an insufficient reason to set the verdict aside. *See Harris v. Rivera,* 454 U.S. 339, 345 (1981). The fact that an inconsistent verdict may favor a criminal

defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984). "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *Id.* at 66. "[I]nconsistent verdicts rendered by a judge provide no greater grounds for reversal than inconsistent verdicts rendered by a jury." *United States v. Chilingirian,* 280 F.3d 704, 711 (6th Cir. 2002).

Even if an allegedly inconsistent verdict were reviewable by a habeas court, no inconsistency exists in the present case. As the Michigan Court of Appeals noted, there was nothing inconsistent or illogical about the conviction of petitioner on the count based on vaginal penetration and the acquittal on the counts based on oral penetration. The judge, as the trier of fact, was free to believe or disbelieve any or all of the witnesses' testimony, and she was therefore free to conclude that one charge was proven beyond a reasonable doubt while the others were not. No habeas relief is available to petitioner on these grounds.

### *Claim II – Verdict Against the Great Weight of the Evidence*

Petitioner next contends that the trial court erred in denying post-conviction relief where the verdict was against the great weight of the evidence. Petitioner argues that the prosecutor presented no evidence to establish the essential elements of criminal sexual assault, other than the testimony of the complainant.

A federal court lacks power to grant habeas relief on the grounds that a state conviction is against the great weight of the evidence. *See Thomas v. McLemore*, 2001 WL 561216, at *5 (E.D. Mich. Mar. 30, 2001), *citing Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). The

6

appropriate inquiry is not whether the verdict was against the great weight of the evidence, but whether sufficient evidence was presented to support the conviction. *See id.* Therefore, the court shall consider only whether the verdict was supported by sufficient evidence.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court established that a sufficiency of the evidence challenge focuses on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In making this determination, this court must afford the state court's findings of fact a presumption of correctness unless it is shown by clear and convincing evidence that the factual determination in the state court was erroneous. *See* 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996).

In denying petitioner's motion for relief from judgment, the trial court rejected petitioner's claim that the verdict was against the great weight of the evidence for the following reasons:

> Defendant's initial argument is that the verdict was against the great weight of the evidence.
>
> The victim testified that defendant sexually assaulted her three times, twice forcing her to perform fellatio on him and once forcing her to engage in sexual intercourse. The court found that defendant repeatedly struck the victim in the head and then penetrated her vagina with his penis against her will. These findings and the evidence presented support defendant's conviction of first-degree criminal sexual conduct based on sexual intercourse. MCL 750.520b(1)(F).
>
> The verdict rendered was not against the great weight of the evidence and does not defy logic, a perversity of will, defiance of judgment, or the exercise of passion or bias. *People v. McAllister*, 241 Mich App 466[;] 626 NW2d 203 (2000); *People v. Hudson*, 241 Mich App 268; 615 NW2d 784 (2000); *People v. Milstead*, 250 Mich App 391, 404; 638 NW2d 648 (2002).

*Hearns*, No. 00-012692, slip op. at 1-2.

The verdict in this matter clearly did not go against the great weight of the evidence. The case boiled down to a credibility contest between petitioner and the complainant, petitioner testifying that they had consensual sex and complainant testifying that petitioner severely beat her and threatened to continue doing so until she succumbed. As in any case, the fact-finder (here, the judge hearing the case without a jury) was free to resolve the conflicting testimony in any way she saw fit. The court notes that in this case the verdict was supported not only by the complainant's testimony, which was clear, detailed, and specific, but also by the testimony of Tracie Renkiewicz, the police officer who took the complainant's statement on the night in question, shortly after the incident for which petitioner was charged. Renkiewicz found the complainant to be "upset and panicky" and to have obvious injuries. Renkiewicz testified that she took six photographs of plaintiff that night at a hospital emergency room. These photographs, which were received in evidence, showed scratches on the complainant's chin, "a red and bruising abrasion to her upper back shoulder area, on the left side," "her left eye was very swollen, red, and bruised," and "a long scratch going . . . into her hairline" (Tr. 79-82). The complainant testified that petitioner inflicted all of these injuries (Tr. 63-67).

Quite clearly, petitioner has failed to show that the verdict in this matter was not supported by the evidence. To the contrary, the verdict was amply supported by the evidence, both testimonial and physical. He is therefore not entitled to habeas relief on this claim.

### *Claims III and IV – Ineffective Assistance of Trial and Appellate Counsel*

In his third and fourth habeas claims, petitioner asserts ineffective assistance of trial

and appellate counsel, respectively. Specifically, petitioner argues that his trial attorney was ineffective because she did not (1) obtain a copy of the complainant's hospital report "which indicated that there was an absence of, and no evidence of sexual assault as alleged by the complainant" or (2) interview or call the hospital physician who examined the complainant. Pet. at 18. Plaintiff states "there was an absence of DNA that unquestionably would have had to be present in order to substantiate the complainant's testimony in her vagina [sic]." *Id.* at 19 (emphasis in original). Petitioner argues this evidence could have been used "to adequately cross-examine the [complainant], exposing inconsistencies in her false allegations." *Id.* at 23. Appellate counsel allegedly was ineffective because she failed to raise the ineffectiveness of his trial counsel as an issue. *See id.* at 24.

The trial court addressed these arguments in its opinion denying petitioner's motion for relief from judgment:

> Next, Defendant claims that he was denied effective assistance of trial counsel. In order to prevail on this claim the defendant must show that counsel's performance fell below the standard reasonable professional judgment as guaranteed by the Sixth Amendment, was highly prejudicial, and ultimately outcome determinative.
>
> Defendant claims that he was prejudiced by trial counsel's exclusion of the emergency room physician's records and opinions about the forensic testing of the Complainant, failure to present the favorable testimony of defense witness Donald Newman, and failure to adequately cross-examine the Complainant and reveal that she was an unadulterated liar.
>
> Defendant has attached a copy of the physician's report to his pleadings and argues that because the report indicates that she had no signs of physical injury her claims would have been rebutted. However, in his own testimony Defendant admits to having slapped the Complainant, and tussled with her.

9

> The affidavit of Donald Newman states that he was present at the scene of the crime, did not observe any fights or arguments between the defendant and the complainant, and states that they were jovial and intoxicated.
>
> Ineffective assistance of counsel can take the form of failure to call witnesses or present other evidence only if failure to do so deprives the defendant of a substantial defense.
>
> A defense is substantial if it might have made a difference in the outcome of the trial. The averments in Donald Newman's affidavit are contrary to the admissions made by the Defendant during his testimony. Newman denies seeing any fights or arguments, and the Defendant admits arguing and hitting the complainant. Defendant has not overcome the presumption of sound trial strategy, and this court will not second-guess counsel's decision.
>
> Regarding Defendant's challenge to counsel's cross-examination of the Complainant the record reflects that counsel adequately represented the defendant, and performed as well as a lawyer with ordinary skill and training in criminal [law], conscientiously protecting his client's interest.
>
> Defendant's claim of ineffective assistance is therefore DENIED.

*Hearns*, No. 00-012692, slip op. at 2-3 (citations omitted).

In addressing and rejecting petitioner's ineffective assistance of appellate counsel claim, the trial stated:

> Defendant's final claim is that he was denied the effective assistance of appellate counsel. Review of the record indicates that he received a full and fair appeal. Defendant objects to the fact that appellate counsel did not include the claims raised herein in his appeal of right.
>
> Ineffective assistance of appellate counsel must be measured according to the same doctrine as ineffective assistance of trial counsel. Furthermore, it is well established that appellate counsel need not raise all possible claims of error on appeal.
>
> Having found that defendant has presented no claim of error

10

> which would warrant reversal, his claim of ineffective assistance of
> appellate counsel is without merit.

*Id.* at 3 (citations omitted).

To establish ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, a petitioner must identify acts or omissions that were "outside the wide range of professionally competent assistance." *Id.* at 690. Counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See id.* at 690. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

For the reasons explained by the trial court, it is clear that petitioner's claims regarding ineffectiveness of counsel lack merit. Petitioner appears to believe that the complainant's emergency room medical record, and the examining physician's testimony, would have assisted him in disproving the sexual assault charge by showing a lack of "[his] DNA . . . in [complainant's] vagina." This argument defies logic, as petitioner admitted at trial that he had sexual intercourse with the complainant on the occasion alleged. His testimony was that "we had regular sex. I was on top" (Tr. 97). His defense was not that no intercourse occurred – a defense which might have been supported by a medical report showing the absence of DNA – but that it was consensual. Nor would the report have assisted in refuting the charge that petitioner used force or coercion, given

11

petitioner's admission that he and the complainant had an argument, that he slapped her two or three times in the face, that they "tussled," that he then "slapped her a couple more times," and that he "probably hit her hard" (Tr. 99, 104, 114).

Petitioner's claim of ineffective assistance of appellate counsel is equally meritless. Petitioner argues his appellate counsel should have argued on direct appeal that his trial counsel was ineffective for "fail[ing] to subject the only key witness to 'any' cross-examination that would have adversely affected the complainant's version of events . . ." Pet. at 24. This claim is belied by the record, which shows that petitioner's trial counsel cross-examined the complainant at great length. *See* Tr. 29-63. Petitioner also argues his appellate counsel should have argued on direct appeal that his trial counsel was ineffective for failing to "utilize the Garden City Hospital records for impeachment purposes . . ." Pet. at 25. As noted above, this argument fails because the contested issue at trial was consent. A medical record showing, in petitioner's words, "an absence of DNA" would have been irrelevant, given petitioner's admission that he had sexual intercourse with the complainant.

As petitioner has failed to show that the performance of either his trial or appellate counsel was deficient, he is not entitled to habeas relief on these grounds.

### *Supplemental Claim re Wavier of Right to Jury Trial*

Finally, petitioner argues that he was denied the effective assistance of counsel because his trial attorney advised him to waive his right to a jury trial. While phrased somewhat

12

differently in his motion for relief from judgment,[1] the essence of the claim is that the waiver was not made understandably and knowingly. In rejecting this argument, the trial judge stated:

> Defendant claims that he did not knowingly waive his right to a jury trial. The waiver of trial by jury which Defendant signed attests to the fact that he had an opportunity to consult with counsel and voluntarily waived his right to a trial by jury and elected to be tried by the court.
>
> The record does not reflect that Defendant expressed any confusion o[]r uncertainty about his decision. Neither did he indicate that he was coerced, or promised anything in exchange for waiving the jury.
>
> This court finds this claim to be without merit and it is DENIED.

*Hearns*, No. 00-012692, slip op. at 3.

"The waiver of any constitutional right must be both knowing and voluntary." *Short v. United States*, 471 F.3d 686, 695 (6th Cir. 2006). In the present case, the trial judge questioned petitioner personally to verify that he understood he was entitled to be tried by a jury and that he was giving up that right. *See* Tr. 4-6. Petitioner not only stated on the record that he understood the right, that he was giving it up, and that he was doing so voluntarily; he also signed a written waiver to this effect. *See id.* at 6. There is no error in the trial judge's ruling, in denying petitioner's motion for relief from judgment, that the waiver was knowing and voluntary. Nor is there any merit to the suggestion that petitioner's counsel was ineffective for recommending that the case be tried to the court, rather than a jury. As the Sixth Circuit has noted, "[c]ounsel necessarily had to make a choice

---

[1] Petitioner indicates that the third issue raised in his motion for relief from judgment was that "the trial court reversibly erred in denying petitioner his federally protected right to a[] trial by jury where his waiver was predicated on ill-advised instructions by trial counsel, and where petitioner's waiver was not understandably and knowingly made." Pet. at 2.

13

between the two modes of trial, and it was impossible to say at the time which would be better for his client. We find no professional norms that dictate how a lawyer and his client should go about making this choice." *Dickerson v. Bagley*, 453 F.3d 690, 700 (6th Cir. 2006). No habeas relief is available to petitioner on this claim.

### IV. Conclusion

For the reasons stated above, this Court concludes that petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before petitioner may appeal this court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the present case, the court does not believe that reasonable jurists would find any of petitioner's issues debatable. No certificate of appealability is warranted. Accordingly,

IT IS ORDERED that petitioner's motion to supplement [docket entry 14] is granted.

IT IS FURTHER ORDERED that the petition in this matter is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

S/Beranrd A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager